# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### TEXARKANA DIVISION

**ROBERT LOUIS SALTER, JR., #06489-010** §

VS. § CIVIL ACTION NO. 5:09cv75

**UNITED STATES OF AMERICA, ET AL.** §

## O R D E R

On September 30, 2009, the Defendants filed a motion to dismiss (docket entry #16). The Court is of the opinion that a response is necessary. Moreover, the Defendants attached to their motion materials outside of the pleadings, thus the Court is required by Fed. R. Civ. P. 12(b) to treat the motion to dismiss as a motion for summary judgment pursuant to Fed. R. Civ. P. 56. Pursuant to Rule 12(b) and 56(c), notice must be given that the motion to dismiss is being treated as a Rule 56 motion, and the parties must be given adequate opportunity to present material they deem pertinent. *Hickey v. Arkla Industries, Inc.*, 615 F.2d 239, 240 (5th Cir. 1980). It is therefore

**ORDERED** that the Defendants' motion to dismiss shall be treated as a motion for summary judgment to the extent that there are any references to matters outside of the pleadings. It is further

**ORDERED** that the parties have twenty days from the receipt of this order to submit any materials they deem pertinent in conjunction with the consideration of the motion for summary judgment. It is finally

**ORDERED** that the Plaintiff has twenty days from the receipt of this order to file a response to the Defendants' dispositive motion. The Plaintiff is placed on notice that the case may be dismissed for lack of due diligence in prosecuting the case if he fails to timely file a response. *See Martinez v.*

1

*Johnson*, 104 F.3d 769 (5th Cir. 1997) (affirming dismissal for want of prosecution based on inmate's failure to respond to a summary judgment motion as ordered by the court).

**SIGNED this 1st day of October, 2009.**

CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE